

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,846-02

### EX PARTE TERRY DALE BRANDON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1176503D IN THE 297TH DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to seven years' imprisonment.

Applicant contends that his due process rights have been violated by the Board of Pardons and Parole's late vote to deny Applicant's release to discretionary mandatory supervision. Applicant has alleged facts that, if true, might entitle him to relief. TEX. GOV'T. CODE § 508.147. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit listing Applicant's sentence begin date and the initial discretionary supervision review date. The affidavit should also indicate whether Applicant lost or gained any good time credit that affected his review date. The affidavit should indicate whether Applicant's initial review date changed, and, if so, why the date was changed, and the new date for review. The affidavit shall also indicate the date of the actual discretionary mandatory supervision vote.

The trial court may also order depositions, interrogatories or a hearing. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make any findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.


Filed: September 17, 2014
Do not publish